## JOHN C. STEWART *vs.* THE INHABITANTS OF YORK.

### York.   Opinion October 10, 1918.

*Attorneys at Law.   Cities and Towns.   Authority of Agents or Committees to bind municipality.   Burden of showing the authority of the town to contract.*

In an action of assumpsit brought by an attorney to recover for professional services alleged to have been rendered to the defendants and for expenses incurred between November 17, 1906, and July 14, 1911, it is

*Held:*

1.  It was incumbent upon the plaintiff to show that he was employed by the defendant town or by some duly authorized agent thereof.

2.  The Special Committee appointed by the town on October 13, 1906, and dismissed on March 11, 1907, had no power during the term of their service nor afterwards to employ counsel at the expense of the town to take part in the litigation that arose over the construction of the bridge.   It was no part of their duty and was beyond the scope of the power conferred upon them.

3.  It was the duty of the plaintiff to ascertain the extent of their power to bind the town and if the parties assuming to act, did so without authority he cannot recover of the town.

4.  Moreover the evidence shows that in a part of the litigation, for which charges are made, the town of York was not a party, and in other cases where the town was a party, it was represented by other counsel, while the plaintiff appeared as counsel for the adverse party.

Action on the case by an attorney at law to recover for professional services alleged to have been rendered in behalf of defendant town. Defendant filed plea of general issue and case was reported to Law Court upon certain stipulations and agreements. Judgment in accordance with opinion.

Case stated in opinion.

*John C. Stewart*, for plaintiff.

*E. P. Spinney*, and *J. O. Bradbury*, for defendants.

SITTING:   CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

CORNISH, C. J.   This suit is brought by an attorney to recover for professional services alleged to have been rendered to the defendant

town, and for expenses incurred in connection therewith, between November 17, 1906, and July 14, 1911, aggregating $1514.76. There is no controversy over the fact that the plaintiff was employed from time to time by the majority of a Committee chosen by the town at a special town meeting held October 13, 1906, to construct a bridge and approaches across York River as laid out by the County Commissioners, that he rendered the services charged for and that the charges are fair and reasonable. The single point at issue is whether the town of York is liable therefor.

The building of this York bridge has been fruitful in litigation. It is apparent from the history of the entire transaction that the inhabitants of the town were divided into two earnest and at times warring factions over the advisability of constructing the bridge, and the proposition was bitterly fought step by step.

It is needless to enter upon the details, which have been set forth in full in *Blaisdell* v. *York*, 110 Maine, 500, further than to say that at a town meeting held on October 13, 1906, the pro-bridge faction prevailed by a vote of 174 in favor, to 123 opposed, and a committee of four was chosen to act in conjunction with the selectmen in building the bridge, said committee to act without pay. This was the only vote passed by the town directing the construction of the bridge, and the only authority given to this joint committee of seven under this vote was to build the bridge. Friction at once arose between the selectmen, who were apparently of the anti-bridge faction, and the remaining four members who represented the pro-bridge faction, as to their respective powers and duties, and the result was the withdrawal of the selectmen on October 22, 1906, from further participation in the work of the committee. The remaining four however continued to exercise the authority given by the town, and on December 5, 1906, entered into a written contract with one Blaisdell to construct the bridge and approaches for the sum of $39,500. The opposition seems to have gained in strength during the winter, because at the annual town meeting held on March 11, 1907, it was voted that the committee of four appointed on October 13, 1906, be dismissed from further service. This committee paid no heed to this vote, continued to act as before in pushing forward the construction of the bridge, and made a supplemental contract in connection therewith on October 17, 1907, remaining in charge until the completion of the work in the Spring of

1908. Litigation arose in various forms and at various times, and for his professional services in connection with this litigation the plaintiff has brought this suit against the town.

It is obvious that the action cannot be maintained because the plaintiff has failed to show his employment by the town or by any authorized agent thereof. The question of employment of counsel in this litigation was never considered by the municipality itself. The only action taken by the municipality is expressed in the vote of October 13, 1906, before recited, which merely authorized the committee to build the bridge and the approaches. This vote undoubtedly empowered the committee to take such steps as might be necessary and incidental to their main duty, the material construction of the bridge, such as the selection of an engineer, the obtaining of plans and specifications, the advertising for bids, and the awarding and executing of the contract of December 5, 1906, as was held in *Blaisdell* v. *York*, 110 Maine, 500, 518. But by no stretch of legal intendment can that vote be held to authorize the committee to employ counsel and incur expenses for legal services in behalf of the town in connection with litigation which might arise in the future. That was no part of their duty, and was beyond the scope of the power conferred upon them. *Butler* v. *Charlestown,* 7 Gray, 12; *Fletcher* v. *Lowell,* 15 Gray, 103.

The very terms of the vote passed by the municipality negatived the incurring of any expense outside the material construction of the bridge and approaches. It expressly provided that the committee should serve without pay. Care was taken to avoid expense. It cannot with reason be urged that such a restrictive vote conferred upon the committee the power to incur counsel fees at the expense of the town.

The committee having no legal power to employ counsel it is equally true that the plaintiff in dealing with them was bound to take notice of their limited authority. He dealt with them at his peril and as it was his duty to ascertain the extent of their power to bind the town, if the persons assuming to act did so without authority he cannot recover of the town. *Goodrich* v. *Waterville,* 88 Maine, 39; *Blaisdell* v. *York,* 110 Maine, 500, 521; *Morse* v. *Montville,* 115 Maine, 454, 458.

This rule of law applies to and annihilates the plaintiff's entire bill, but it should be observed that whatever limited power had been given

to the committee by the vote of October 13, 1906, was revoked by the town by the vote of March 11, 1907, when the committee was dismissed from further service. All acts on their part in behalf of the town after that date were unauthorized and void. *Blaisdell* v. *York*, 110 Maine, 500, 520. · The amount of the charges prior to March 11, 1907, is $227.29, and the amount subsequent thereto is $1287.47. The plaintiff does not claim a single employment by the committee covering the entire time, but simply separate employments from time to time as the various occasions arose for legal services.

The foregoing principles would prevent recovery in this case as a matter of law even if the services charged had been rendered in behalf of the town and had been beneficial to the town as a matter of fact. But the record shows the contrary. In part of the litigation, the town of York was not a party, and in those cases where the town was a party it was represented by other counsel, while the plaintiff appeared as counsel for the adverse party.

Thus the first litigation for which the plaintiff claims compensation was a bill in equity brought by the selectmen against the four members of the special committee in November, 1906, to restrain those members from proceeding. That was a controversy between the two factions in the joint committee of seven. The plaintiff appeared as counsel for the four, and other counsel appeared for the selectmen, the remaining three. The town was not a party.

The second group of charges cover services before a legislative committee February 14-18, 1907, in securing an act ratifying the action of the town at its meeting of October 13, 1906, and authorizing the construction of the bridge. The plaintiff admits that there was no vote of the town authorizing him to appear in its behalf, and it is evident from the history of the case that the securing of this legislation was the act of the pro-bridge faction of the joint committee.

The third group of charges embrace services and expenses in connection with a bill in equity brought in April, 1907, by Elizabeth B. Bliss, an abutting owner, against the County Commissioners of York County, the selectmen of the town, the special committee of four and the contractor Blaisdell, praying for an injunction. In this litigation the plaintiff admits that he represented the committee of four and Mr. Blaisdell. The selectmen had their own counsel, the County Commissioners their, and no one appeared for the town of York as it

was not a party to the proceedings.  This case found its way to the Law Court twice, *Bliss* v. *Junkins*, 106 Maine, 128; *Same* v. *Same*, 107 Maine, 425.

The fourth group of charges relate to mandamus proceedings brought by Blaisdell, the contractor, against the County Commissioners, in which the plaintiff appeared as counsel for Blaisdell.  The town of York was no party to these proceedings.

The fifth group pertains to services rendered in connection with mandamus proceedings brought by Blaisdell against the Town Clerk of York to compel him to change his record.  In these proceedings the plaintiff represented the petitioner Blaisdell, and the town was not a party.

There are other small charges for services before the United States Engineers in July, 1907, at the request of the Committee after they had been dismissed, for services in a trespass suit brought by Bliss against Blaisdell in which the plaintiff appeared for Blaisdell, *Bliss* v. *Blaisdell*, 110 Maine, 527, and in the first suit brought by Blaisdell against the Town of York, in which also the plaintiff appeared for Blaisdell and against the town.  All services and charges however come within the characterization above given.  None were rendered in behalf of the municipality nor for its benefit.  The plaintiff admits that he was counsel for the four of the committee during the entire period, and for Mr. Blaisdell continuously after July 17, 1907.  He acted for Blaisdell in all his litigation against the town, recovering in one case a judgment in the sum of $44,536.99.  These parties were his clients, not the Town of York, and the municipality should not be compelled to pay for the services rendered.

*Judgment for defendants.*